UNITED STATES v. McCARTHY.

No. 62, Docket 21091.

United States Court of Appeals
Second Circuit.

Oct. 28, 1948.

## PER CURIAM.

The only points raised on this appeal are: (1) That the indictment for conspiracy does not allege any overt act in which McCarthy took part; (2) that there was no evidence connecting him with the substantive offense; (3) that the judge gave wrong or inadequate instructions to the jury; (4) that the prosecutor abused his privilege when summing up the evidence to the jury. These points we will take up in that order.

■ The first point is answered by the mere text of the statute § 371, Title 18 U.S.C.A., which makes it a part of the crime that "one or more of such persons" shall do some act to effect the object of the conspiracy.

■ As to the second point, when Hausman came to get the "side ticket"—that is, a receipt showing proper delivery of the soap—Casey, the "dock boss," to whom Hausman addressed himself, told McCarthy that he had received the money for the soap, and thereupon McCarthy at once made out a forged receipt. No rational explanation of this is possible except that McCarthy was a party to the theft. The forged receipt was necessary to mislead detection of the theft and to allow the thieves to dispose of the soap, if they had not already done so, or to conceal the proceeds if they had. Casey's words to McCarthy presupposed his knowledge that the soap had been stolen, else he would have needed more explanation before forging the receipt. This was evidence sufficient to prove the conspiracy, and to prove him at least accessory after the fact. § 3, Title 18 U.S.C.A. As an accessory he could be indicted as principal and sentenced to half the penalty, five years.

■ It is enough answer to the third point that at the conclusion of the judge's charge, McCarthy's attorney, not only made no objection to what had been charged, but affirmatively declared that he had neither exceptions to take, nor requests to make.

■ The fourth point comes to no more at worst than that the prosecutor, apparently in answer to an argument drawn from the failure of a witness to identify McCarthy, told the jury that the reason might have been that McCarthy might assault the witness on the dock, if he had done so. It is not necessary to expand upon the triviality of such a ground for reversal. We may indeed say that taking all the grounds together a less substantial appeal seldom comes before us.

Conviction affirmed; mandate to go down at once.